## Staunton.

### SMITH v. BRADFORD.

#### October 12, 1882.

1. HUSBAND AND WIFE—*Post-nuptial settlements.*—It is settled law in Virginia that an insolvent husband may make a valid settlement on his wife of his uncollected share of an estate whereof, *jure mariti*, he is a distributee. *Poindexter and Wife* v. *Jeffries et als.*, 15 Gratt. 363.

2. IDEM—*Idem.*—The same facts which would induce the court to compel a settlement by the husband, or those claiming under him, or in his right, will uphold a settlement already made.

3. IDEM—*Idem*—*Equitable setoffs*—*Competency of witnesses*—*Case at bar.*—B and wife sell and convey her maiden land. Purchase bonds secured by trust deed thereon. At same time, B conveys his encumbered land to trustee for Mrs. B's separate use, and in trust deed it is stipulated that trustee shall collect the bonds and discharge the liens. B collected and misapplied the money. Later, when insolvent, B assigned to the trustee two other bonds and his interest, *jure mariti*, in the personal estate of his wife's father, P, deceased, in lieu of the trust funds so misapplied. W, a brother of Mrs. B, was indebted to P's estate. B was indebted to W. Mrs. B died, leaving children. In suit to settle the administration of P's estate, W filed petition alleging that B owed him, and praying that what he owed B on account of his distributive share in P's estate, might be set off by B's indebtedness to him.

HELD:

    1. The bonds given for the maiden land of Mrs. B, and by the trust deed securing their payment, settled to her separate use and directed to be applied to discharge the liens on the land conveyed to her for her separate use, so far as needed for the purpose, are, to that extent, to be considered as her separate *real* estate, at her death descendible to her children as her heirs at law.

    2. The assignment by B, dated December 1st, 1869, in trust for Mrs. B, is valid, and the assigned property, so far as needed to discharge said liens, is to be considered as her separate *real* estate. But the surplus, if any, is to be considered as her separate *personal*

estate, and such personal estate having, upon her death, vested in B as her distributee, can be properly set off by W to the extent of B's indebtedness to him against his debt to P's estate.

3. Notwithstanding the death of his wife, B would be incompetent to testify for or against the settlement on his wife. *William and Mary College* v. *Powell et als.,* 12 Gratt. 372, and consequently by Code 1873, ch. 172, § 22, W was also incompetent.

Appeal from decrees of circuit court of Clarke county in November, 1879, and in June, 1881, respectively, in chancery suit of William D. Smith *against* E. Jacqueline Smith and others. Dr. Philip Smith died intestate in 1863, leaving as his heirs at law his four children, E. Jacqueline, Warren C. and J. Phillip Smith, and Louisa, wife of Dr. William A. Bradford; also 715 acres of land and personalty, including bonds on his sons exceeding $10,000 in amount. E. Jacqueline Smith qualified as administrator with William D. Smith as his surety. The administrator did not attempt to collect the bonds, because he alleged his father had taken them as evidence not of debts, but of advancements. The heirs divided the land *in pais*. Mrs. Bradford died in 1869, her husband and five children surviving. In 1875, William D. Smith brought his bill to determine whether the bonds evidenced debts or advancements, and, if debts, whether the land was liable therefor before being subjected to other debts subsequently incurred by the heirs, and whether this was not necessary to equalize the heirs. The sons and son-in-law were insolvent. All except the latter answered. The children of Mrs. Bradford answered that the interest, *jure mariti*, of their father in the personal estate of their grandfather, had been assigned by him December 1, 1869, to E. J. Smith, in trust for the separate use of their mother for a valuable consideration, and that they were entitled to the benefit of the assignment. Various decrees were entered and accounts taken.

The bonds were held to be debts. In 1878, Warren C. Smith filed his petition averring that Dr. Bradford owed him $750, with interest from June 1, 1860, by bond; that petitioner owed decedent's estate a large sum; that Dr. Bradford, *jure mariti*, was one of the distributees; and that the amount owing to him by Bradford should be set off against his share of the personal estate. Bradford answered, saying that by deed dated March, 1867, he and his wife sold and conveyed her share of her father's land to George W. and J. D. S. Bruce; that by deed of same date the Bruces (and the respondent and wife) had conveyed said share of land in trust for payment of the purchase money bonds, and that in said trust deed it was stipulated that the trustee should collect the bonds and discharge the liens then upon the tract of 273½ acres of land which had that day been conveyed by respondent to said trustee for the separate use of Mrs. Bradford; that respondent had himself collected and misapplied said bonds, and, *in lieu thereof,* had December 1, 1869, assigned his interest in Dr. Smith's estate and two certain bonds to the trustee, and denied the right of petitioner to use his bond to set off the amount due from petitioner to said estate. Depositions were taken and exhibits filed. The circuit court held that the settlement and assignment for the separate use of Mrs. Bradford were valid; that the property assigned, so far as necessary to discharge the liens, were to be considered her separate *real* estate, and was descendible to her children as her heirs, and the surplus, if any, was to be considered as her separate *personal* estate, and passed to her husband as her distributee; and that petitioner was entitled to set off *pro tanto* the bond of Dr. Bradford against his debt to the estate of Dr. Smith. From this decree and the subsequent decree refusing to review and reverse the first decree, Warren C. Smith appealed to this court. The remaining facts are stated in the opinion of the court.

*Richard Parker* and *M. McCormick*, for the appellant.

*S. J. C. Moore & Son*, for the appellee.

LEWIS, J., delivered the opinion of the court.

The question to be determined in this case involves the right to the distributive share of William A. Bradford, in right of his wife, in the estate of her father, Phillip Smith.

Bradford and wife, by deed bearing date March 28, 1867, conveyed to George W. and J. D. Bruce a tract of land in Clarke county, which had been allotted to Mrs. Bradford as one of the heirs of her father. In consideration of that conveyance, Bradford, on the same day, conveyed to E. J. Smith, trustee, for the sole and separate use of his wife, a tract of encumbered land, in the same county, which he had previously acquired by purchase.

·The bonds for the purchase money of the maiden land so conveyed were secured thereon by deed of trust. It was stipulated in the trust deed that Smith, the trustee therein, should collect the bonds and apply the proceeds to the discharge of the liens on the land settled upon the wife, except the sum of $750, which it was agreed should be paid to William A. Bradford. For the purpose of approving the provisions of the trust deed, Bradford and wife united in its execution.

A considerable portion of the purchase money was afterwards collected from the Bruces by Bradford himself, which should have been, but was not, applied to the discharge of the liens referred to. Accordingly, in December, 1869, a short while before the death of his wife, and being then insolvent, he assigned to the trustee, Smith, two bonds of a thousand dollars each, in lieu of the trust funds so collected and misapplied by him; and by the same instru-

ment, and for the same purpose, he assigned all his interest, in right of his wife, in the personal estate of her father.

At the death of Philip Smith, which occurred in 1863, he left a valuable tract of land, which was partitioned among his four children and heirs at law—three sons and a daughter, Mrs. Bradford. Exclusive of certain bonds which his sons, each for himself, had executed to him in his lifetime, aggregating about the sum of $10,000, his personal estate was small. In 1865, E. J. Smith, one of the sons, qualified as his administrator, with E. D. Smith as his surety. The bonds executed by the sons to their father were not collected by the administrator, as they were understood by him and the other sons, as they alleged, to have been intended as advancements and not as evidences of debt. This was denied by Bradford, who contended that they were debts to be collected by the administrator as other debts due the estate, and for which the sons were severally liable, as was also the administrator, by reason of his default in not having enforced their payment. It is admitted that all of the sons are insolvent, and that whatever liability there may be upon the administrator falls upon his surety.

Therefore, in order to have all disputed questions determined and the estate settled, W. D. Smith, the surety, filed his bill in the court below. The court decided that the bonds referred to were debts due the estate, and directed an account to be taken to ascertain the sums due by the sons, respectively.

It appeared from the account, when taken, that W. C. Smith, one of the sons, was indebted to the estate in a large amount, the most of which, if paid, would go to the payment of the distributive share of Wm. A. Bradford, whose share was ascertained to be $1,128.66.

Thereupon, W. C. Smith filed his petition in the cause, in which he alleged that Bradford was insolvent and in-

debted to him in the sum of $750, with interest, as evidenced by his bond, payable on demand, which was exhibited with the petition. He, therefore, prayed that his indebtedness to Bradford on account of the latter's distributive share in the estate might, by order of the court, be set off by the indebtedness of Bradford to him.

Bradford answered the petition. He averred that before the death of his wife, he assigned to a trustee all his interest in her father's estate, in lieu of certain trust funds belonging to her trustee, which he had collected and used; that the interest, when collected, was by the trustee to be applied to the discharge of certain liens on her separate real estate, for which purpose the trust funds so used by him had been dedicated; and he insisted that the said assignment, at her death, enured to the benefit of her children and heirs at law.

When the cause came on to be heard, the circuit court decided that the assignment by Bradford was valid, and that to the extent the bonds given for the purchase money of Mrs. Bradford's maiden land and her interest in the personal estate of her father, when collected, would be required to pay off the liens on her separate real estate, and perfect her title thereto, the same should be considered as her separate real estate, which, at her death, descended to her heirs at law. But that the surplus thereof, if any, after paying the liens, should be considered as her separate personal estate, which, at her death, passed to her husband as her distributee. From this decree Smith applied for and obtained an appeal.

It is not contended by the appellant that the settlement made upon Mrs. Bradford is unreasonable or excessive; or that, if in other respects valid, it is not such a one as a court of equity would have upheld as between her and her husband's creditors if its aid had been invoked by her in her lifetime. But it is insisted that as Bradford had not

reduced into possession his interest in her father's estate, he could make no valid settlement of *it*, as against his creditors, upon her at all; that, moreover, the right of an equitable settlement is *personal* to the wife, and does not, at her death, enure to the benefit of her children when no application for a settlement has been made by her; and, therefore, that the assignment of Bradford's interest in the estate cannot now be upheld for the benefit of Mrs. Bradford's children.

It is settled law in Virginia that an insolvent husband may make a valid settlement upon his wife of his uncollected share of an estate of which he, in right of his wife, is a distributee. It was so decided in *Poindexter and Wife* v. *Jeffries and others*, 15 Gratt. 363; and the correctness of that decision has never been questioned.

Judge Moncure, who delivered the opinion in that case, also said that the wife's equity is so substantial an interest that it will constitute a valuable consideration for a postnuptial settlement by the husband (made while the equity exists), which will be sustained against his creditors, to the extent of the equity by a court of chancery. And quoting approvingly the language of the vice-chancellor in *Wicks* v. *Clarke*, 3 Paige's Reports, 166, he further said that the same circumstances which would induce the court to compel a settlement by the husband, or those claiming under him or in his right, will operate to uphold a deed of settlement already made, to the same extent that would be required if one should be directed to be made under the view of the court.

Following in this the decision in that case, and applying the familiar doctrine of equitable conversion, the court below held as has already been stated. In this there was no error. The trust funds used by Bradford had been specifically dedicated to the payment of the liens on his wife's separate real estate. In a court of equity, which regards

that as done which ought to be done, they must be considered in all respects as her separate real estate. The interest in her father's estate assigned was to be applied in lieu of the funds so used, and upon the assignment become impressed with the same character, and must in equity be similarly regarded.

But apart from the objections which have been considered, it is further insisted by the appellant that there was a previous parol assignment by Bradford to him of his interest in Philip Smith's estate—at least to the extent of Bradford's indebtedness to him; which is superior to the assignment thereof to Mrs. Bradford's trustee.

Without stopping to consider the effect of such an assignment as is contended for upon the right of Mrs. Bradford to a settlement out of her husband's interest in her father's estate, it is sufficient to say that there is no allegation of such an assignment in the petition filed by the appellant in the court below; and without his own deposition, there is no sufficient testimony in the cause to sustain any such assignment.

His deposition was excluded by the circuit court, on the ground that he was not a competent witness in the case.

Under the decision of this court in *William and Mary College* v. *Powell,* 12 Gratt. 372, Bradford, notwithstanding the death of his wife, was an incompetent witness in the case, and consequently, under the statute, the appellant was also incompetent. His deposition was, therefore, properly excluded.

There is no error in the decree of the circuit court, nor in the subsequent decree refusing to rehear it; and both are affirmed.

DECREES AFFIRMED.