## Richmond.

SWANN, EX'OR v. HOUSMAN & ALS.

DECEMBER 20th, 1894.

Absent, Lacy, J.

1. WILLS—*Revocation*—*Case at bar.*—An executor filed his bill to have his testator's will construed, and submitted a writing executed by the latter, to wit: "$1,000. This article is to signify that if Elliott Smith survive me, I bequeath him one thousand dollars of my property, free from any lien or incumbrance. To the above bequest I herewith set my hand and seal this first day of June, 1888. (Signed) Henry E. Smith. [Seal.]" Afterwards the testator made a will, dated December 2, 1889, disposing of his entire estate, and containing no reference to said writing or to Elliott Smith, which was duly probated: HELD: Said writing was not a contract, but was a will, and was revoked by the subsequent testament.

2. IDEM—*Contract*—*Evidence.*—One may contract to make a provision for another by will; but the evidence must be clear and convincing.

3. WITNESSES—*Competency.*—The widow of the testator *held* incompetent to prove such contract and to establish the debt against the estate of her late husband.

4. PERSONAL REPRESENTATIVES—*Appeal*—*Individual grievance.*—It is well settled that where an executor, *as such*, appeals from a decree which does not aggrieve the estate, the question cannot be considered whether he is aggrieved as an individual.

5. DECEDENT'S DEBTS—*Personalty*—*Realty.*—The personal estate being the primary fund for paying decedent's debts, it will not be exonerated by a charge on the realty, without plain intent to that effect.

Appeal from decree of circuit court of Botetourt county, rendered October 30, 1891, in a chancery cause wherein George Swann, as executor of Henry E. Smith, was complainant, and Louis Housman, Jr., and others were defendants.   The decree

being adverse to the complainant, as such executor, he appealed.   Opinion states the case.

*Benjamin Haden,* for appellant.

*C. M. Lunsford,* for appellees.

LEWIS, P., delivered the opinion of the court.

On the first day of June, 1888, Henry E. Smith executed the following paper, to wit:  " $1,000.   This article is to signify that if Elliott Smith survive me, I bequeath him one thousand dollars of my property, free from any lien or incumbrance. To the above bequest I hereunto set my hand and seal the first day of June, 1888.  (Signed)   Henry E. Smith.  [Seal]."

Elliott Smith was an orphan boy, between seven and eight years of age, at the time of the execution of this paper, and a member of Henry E. Smith's family.

On the second day of December, 1889, Henry E. Smith executed a will whereby he disposed of his entire estate, real and personal, without in any way referring either to Elliott Smith or to the paper just mentioned.  He died in February, 1891, soon after which his will was duly admitted to probate.  The bill was filed by the executor for a construction of the will and an administration of the estate; and the first question to be determined is as to the nature and effect of the paper writing of June 1, 1888.  By the decree complained of the circuit court adjudged it to be a valid contract, to be treated as though it were a general pecuniary legacy in the testator's last will and testament.

Upon careful consideration we are unable to concur in this view.   There is no element of contract about it; and the evidence returned by the master with his report fails to establish a contract.   The paper was evidently intended as a will, which was revoked by the subsequent incompatible will disposing of

the whole estate. The only evidence on the subject of the alleged contract is the deposition of an illiterate woman, who says she heard the testator remark to his wife that if she would "fetch the child back, he would will him a thousand dollars." The child, it seems, had been taken care of by the testator from its infancy, and shortly before the 1st of June, 1888, Mrs. Smith left his house, and took the child with her to an adjoining county. It was to induce her to return it that his promise to leave it a sum of money was made. But it is not shown that she was authorized to contract for the child, or that she had any legal control over it. It seems, moreover, that the testator, after writing the paper, put it in a Bible in the house, and told his wife to take care of it till his death.

What afterwards became of the child does not appear, and the evidence as to the value of its services is extremely weak. It is true the widow was examined as a witness in support of the theory of a contract founded on valuable consideration, but her competency as a witness was objected to, and the objection was unquestionably well founded, although the coverture had ended. 1 Greenl. Ev., sec. 337; *William & Mary College* v. *Powell*, 12 Gratt., 372; *Smith* v. *Bradford*, 76 Va., 758.

That a person may make a valid contract to make provision for another by will is not disputed; but, as was held in *Rice* v. *Hartman*, 84 Va., 251, the evidence to establish such a contract must be clear and convincing.

The next question relates to the Beale debt. This debt amounted to something over sixteen hundred dollars, and was evidenced by bond, payable to the testator. About one-half of this debt was assigned by the testator in his lifetime to Swann, and for the residue, which Swann collected, the contention is that Swann agreed to pay the testator an annuity of $168 13 during his life. The circuit court, however, refused to credit Swann with the residue of the debt, but charged him with it as executor of Smith. This branch of the decree was especially assailed in the argument at the bar; but as the ap-

Opinion.

peal from the decree was taken by Swann in his representative capacity (*i. e.*, as executor), and as the estate is not aggrieved, the question whether he is aggrieved in his individual capacity cannot be considered. That a decree, though erroneous, will not be disturbed at the instance of an appellant not prejudiced thereby, is a proposition too well settled in this State to require the citation of authority.

The next and last question discussed at the bar is whether the real estate devised by the residuary clause of the will should be subjected for the payment of debts before calling for contribution from the specific legacies.

The well settled general rule is that the personal estate is the natural and primary fund for the payment of debts, and must first be exhausted before the real estate can be made liable; nor will it be exonerated by a charge on the real estate, unless there be expressed words, or a plain intent, in the will to make such exoneration.

In the present case no such intent appears, and the case is, therefore, governed by the general rule.

Hinton, J., dissented.

Decree affirmed in part and reversed in part.